## PEOPLE v. SHERIFF et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1902.)

1. PLEADING—COMPLAINT—SEPARATE STATEMENT OF CAUSES OF ACTION.
    Where a complaint to recover penalties for violations of the agricultural law alleges that defendant A. manufactured, kept for sale, and sold to defendant S., a barrel of vinegar falsely labeled "Cider Vinegar," when it was adulterated, contrary to the statute, and in the next paragraph alleges that S. purchased said barrel of vinegar for resale, kept it for sale, and sold it to his customers as cider vinegar, failure to separately state and number the two separate causes of action, set out in a single count, authorizes an order for an amended complaint separately stating and numbering each cause of action.

2. SAME.
    A complaint to recover penalties for violation of the agricultural law, alleging that plaintiff does not know, and for that reason cannot state, the precise number of barrels contained in each sale and purchase of vinegar, but that plaintiff is entitled to recover a penalty of $100 for each separate purchase of vinegar which was sold as cider vinegar, but was not such, is objectionable, as, by implication, alleging in a single count an indefinite number of sales, for any one of which plaintiff has a cause of action.

Appeal from special term, Erie county.

Action by the people of the state of New York against George Sheriff & Son and another. From an order requiring plaintiff to serve an amended complaint, in which each and every of the causes of action alleged therein shall be separately stated and numbered, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, HISCOCK, and NASH, JJ.

Edwin H. Risley, for the People.
James M. E. O'Grady, for respondents.

NASH, J.   The action is brought to recover penalties for alleged violations of the agricultural law, and for an injunction restraining the defendants from further violations of the statute.   In the second paragraph of the complaint it is first alleged that between the 1st day of November, 1901, and the 18th day of June, 1902, the defendant the Albion Cider & Vinegar Company manufactured for sale, kept for sale, offered for sale, and sold to the defendants George Sheriff & Son, one barrel or cask of vinegar, in separate casks or barrels, which were falsely stenciled or labeled "Cider Vinegar;" which vinegar contained certain ingredients alleged to be injurious to health, particularly set forth by appropriate allegations, and was not produced exclusively from pure apple juice, and contained foreign adulterated substances, contrary to the form of the statute in such case made and provided.   This, in substance, is the first paragraph of the second subdivision of the complaint, the allegations of which constitute a complete, perfect, and separate cause of action against the Albion Cider & Vinegar Company for manufacturing, keeping for sale, offering for sale, and selling to George Sheriff & Son, one barrel or cask of adulterated vinegar, contrary to the statute in such case made and provided.   In the next paragraph of the second subdivision of the complaint it is alleged that "George Sheriff & Son purchased said cask or barrel of vinegar for resale in their business, kept the same for sale, offered the same for sale, and sold and delivered the same to their customers, as and for cider vinegar"; thus setting forth a cause of action against George Sheriff & Son for keeping for sale, offering for sale, and selling and delivering to their customers such adulterated vinegar.   The failure to separately state and number these two separate causes of action, one against each of the defendants, set out in a single count of the complaint, furnishes sufficient ground for the order of the special term.   But the third and last paragraph of the second subdivision of the complaint alleges "that the plaintiff does not know, and for that reason cannot state, the precise number of barrels or casks contained in each sale and purchase of vinegar; but the plaintiff alleges they are entitled to recover a penalty of one hundred dollars ($100) for each separate and distinct purchase of vinegar, whether the same contained one or more barrels or casks of vinegar, which was sold as and for cider vinegar, and which was not cider vinegar made from pure apple juice, and which did not contain two per centum of cider vinegar solids on full evaporation over boiling water, and that it did not contain four and one-half per cent. of acetic acid, or contained ingredients deleterious to health, according to the statutes in such cases made and provided." Here, by implication, are an indefinite number of sales alleged, for any one of which the plaintiff has a cause of action against the defendant making the sale.   The liability of the defendants for several penalties, of $100 each, is also alleged in the second, third, fourth, fifth, and sixth causes of action.   The appellant invokes the aid of the rule of pleading, that, where an offense may be committed by doing one of several prohibited things, an indictment may in a single count group them together, and charge the defendant with having committed them all, and a conviction may be had on proof

of the commission of any one of the things, without proof as to the others. But that the plaintiff has not done. The facts are set out separately, and alleged as separate causes of action, instead of grouping the facts in a single count, and alleging that the defendants have committed them all, for which they have incurred the penalty. It is urged that in no aspect of the case can the plaintiff, upon the facts alleged, recover more than $100. That does not meet the objection. The plaintiff cannot have any recovery until the complaint is put in proper form.

It is not to be inferred that any opinion is intended to be expressed upon the question as to whether a joint action can be maintained against the producer and seller for the penalties incurred by each, or that the manufacturer is jointly liable with the seller of the adulterated article for sale by the latter. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.